UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2015 AUG 24 P 3: 29

_Kalonji Mahon_

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

Defendant # • **BURIM NAMANI, Assistant District Attorney
in Bronx County, New York state**
Defendant # • **Under cover officer No. 233(Narcotics Bureau/Bronx)**
Defendant # • **Detective Anthony Schaffer, (N. B. B. X.)
Narcotics Bureau, Bronx — Shield No. 6513**
Defendant # • **Sgt. John Urena, sergeant of Narcotics Bureau
in Bronx (New York) Shield No. 3550**
Defendant # • **City of New York**

Jury Trial: ☑ Yes   ☐ No
*(check one)*

_15_ Civ. _2032_ (CM

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff's    Name _Kalonji Mahon_
ID# _12 A 5136_
Current Institution _Green Correctional Facility_
Address _P.O. Box 975_
_Coxsackie, New York 12051_

B.     List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name _BURIM NAMANI_ _(Assistant District Attorney)_
Shield #____
Where Currently Employed _Office of District Attorney, Bronx County_
Address _198 East 161st street_
_Bronx, New York 10451_

*Rev. 01/2010*                                    1

Defendant No. 2     Name Detective Anthony Schaffer   Shield # 6513
Where Currently Employed New York City Police Department
Address One Police Plaza, Room 1100
New York, New York 10038

Defendant No. 3     Name Sgt. John Urena (Retired)   Shield # 3550
Where Currently Employed New York Police Department - Legal Bureau
Address One Police Plaza, Room 1406
New York, New York 10038

**Who did what?**

Defendant No. 4     Name City of New York   Shield #_____
Where Currently Employed municipal liability
Address Corporation Counsel, City of New York - Law Department
100 Church Street, New York, N.Y. 10007

Defendant No. 5     Name Undercover Officer No. 233   Shield #_____
Where Currently Employed Narcotics Bureau/Bronx (N.B.B.X), N.Y.C.P.D.
Address One Police Plaza, Room 1100
New York, New York 10038

## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     ~~In what institution did the events giving rise to your claim(s) occur?~~

N/A

B.     ~~Where in the institution~~ did the events giving rise to your claim(s) occur? Outside, in front of a building on Burke and Holland Avenue in Bronx, New York 10467

C.     What date and approximate time did the events giving rise to your claim(s) occur?

On March 22, 2011 at around 11:00 o'clock p.m.

**What happened to you?**

D.     Facts: On March 22, 2011, plaintiff was arrested by Defendants Det. Anthony Schaffer and Sgt. John Urena for criminal possession in the third degree, and criminal poss. in the seventh degree, along with the charge of resisting arrest under Docket # 2011BX016567   Continued on attached pages

Rev. 01/2010

However, prior to being falsely arrested, plaintiff was already on bail for other previous/pending cases – which plaintiff was subsequently and consequentially remanded on – and plaintiff had to repay these bails over along with a 5,000.00 bail raise (from a case that plaintiff was released on his own recognizances on from since 2009 under Ind. #4858/09) (Contemporaneously plaintiff was acquitted of Ind#4858/09(by trial) on March 5, 2012, also)

Plus, plaintiff had to post a new bail at $1500.00 for case under Docket #2011BX016567 (for which he was falsely arrested) and held until or around June 2011 – when the bail was posted.

The charges were terminated in March 5, 2012, along with the charges under Ind. #4858/09 which plaintiffs bail was remanded on (and raised to $5000.00) in March 22,2011, pursuant to the false charges for drug possession that accrued; which said charges were sealed in favor of the accused in April 3, 2012, because, according to court-appointed defense counsel (Mr Patrick L Bruno); the alleged drugs found were allegedly not real.

Matter of factly, upon information and belief, there were never any drugs or contraband found – they were only alleged to be found without any field tests done by Defendant Detective Schaffer (the arresting officer whom swore out the complaint) along with Sgt. John Urena – – which the prosecutor Defendant Burim Namani conspired in/and with, to cover-up and not reveal-for over a year -- after continuously attempting to have plaintiff plead guilty to said false charges for over a year until March 6, 2012.

As and for a first cause of action against Defendant (Municipality) the City of New York whom is responsible & liable in its direct and indirect Municipal liability for failure to adequately train or supervise it's employees in the New York City Police Department; and for creating or fostering such an environment where said crimes of fraud and deceit can be alleged and sworn against citizens by its police force; and for allowing unwritten policies or customs where such acts are tolerated without review. And committed with impunity by N.Y. City Police Dept. members. (See, Monell v. Department of Social Services of City of New York (USNY 1978) 436 US. 658, 98 S.Ct. 2018, 56 L.Ed.2d. 611; Monroe v. Pape, 365 US. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961))

Wherefore, and in addition, Plaintiffs 4th and 14th Constitutional Amend(s) due process rights were violated by Bronx County Assistant District Attorney - Defendant Burim Namani - for acting in conspiracy and collussion, or in concert, with Defendant members of the (Municipal) police Department - and in taking over a year to dismiss charges while concealing fact that no drugs were ever found by Defendant(s) Anthony Schaffer, U.C. No. 233, and Sgt. John Urena, whom filed a sworn false complaint against plaintiff. See, Malicious prosecution; wrongful confinement; and unreasonable (bail) seizures (see, Albright v. Oliver, 510 US 266 (1994), 114 S.Ct. 807, at 815; cf., Burg v. Gosselin, 591 F.3d 95, 96 (2nd Cir. 2010)) See also, Abuse of Process, e.g. Duamutef v. Morris, 956 F.Supp. 1112, 1118 (SDNY 1997), Torres v. Supt. of Police, 893 F.2d 404, 41

As and for a second cause of action:
Defendant Burim Namani, in his individual and official capacity,

maliciously, falsely, deceitfully and fraudulently seized plaintiff
And, deceitfully, in an act of fraud openly held charges against
Plaintiff - nefariously and falsely (misleading) claiming that the
People (o/ the State of NewYork) were ready to proceed to trial
against plaintiff (on Docket # 2011 BX 016567) - if Plaintiff did
not plead guilty (to false, unsupported charges) -- throughout
all intermittent court appearances, dates and adjournments
from March 22, 2011 - until plaintiff posted bail in June 2011 -
until April 3, 2012 when the charges were sealed/terminated
in favor of the accused (See, Heck v. Humphrey, 512 US 477, 487 (1994))
See, Exhibit A (attached to original complaint) - pgs 8 & 9 of Plaintiffs
rap sheet in Cycle 19 - Docket # 2011 BX 016567.

## 2nd Claim

At all times material to this complaint, Defendant(s) Det. Schaffer
U.C. No.233, and Sgt. Urena (as well as Defendant Assistant District Attorney
Burim Namani of Bronx County, N.Y.) acted under color of statutes,
customs, ordinances and usages of the State of NewYork, City
of NewYork/Bronx County, and the NewYork City Police Department.

Plaintiff, Kalonji Mahon, approached a familiar, pretty-looking,
female walking on and by intersecting corner of Burke Avenue
and Holland Avenue; and plaintiff tried to 'pick her up'...

The pretty looking familiar female whom plaintiff accosted
however, was an undercover officer that in turn asked Plaintiff
for drugs (crack cocaine). She was/is Defendant Undercover Officer No. 233.

Plaintiff then asked undercover female officer (U.C. 202) (Defendant) "why?, and if she was a cop?" The undercover female officer, U.C. 202, replied: "No, that she was not a cop."

Suddenly then an unmarked van abruptly pulled over with several white/caucasian men all wearing black mostly, and jumped out of van, pouncing on plaintiff, and punching plaintiff in the face to drop plaintiff to the floor.

these unknown caucasian white skinned men were all undercover officer members of the N.Y.C.P.D., Narcotics Bureau in Bronx task force that Defendant Sgt. Urena was supervising during their so called short term 'buy and bust' operations.
Defendant U.C. #233 removed herself from the scene, and was never seen again.
Defendant Det. Anthony Schaffer, shield No. 6513, then, acting in concert with the other unknown members of Narcotics Bureau in Bronx, N.Y., subsequently arrested and hand cuffed plaintiff under the direct supervision of his superior officer Defendant Sgt. Urena (Shield No. 3550).

Defendant Schaffer (shield No. 6513) alleged/claimed to have allegedly found bags of crack/cocaine (allegedly) on the floor.

Defendant Sgt. John Urena (Shield No. 3550) is a sergeant of this so called 'buy + bust' undercover narcotics bureau team/squad in Bronx, N.Y (N.B.BX); and is responsible in his super-visor capacity/liability for overseeing sworn complaints

-6-

issued by subordinate members of the N.B.BX. task force, and for allowing his subordinate undercover detectives Defendant Anthony Schaffer (shield no 6513) and other unknown members of the N.B.BX. task force/squad to claim +/or plant a fake bag of drugs, and for acting in conspiracy with one another to allege that bag of crack/cocaine allegedly found appeared to be crack cocaine without a positive field test done by arresting officer Defendant Schaffer (whom swore out the complaint against Plaintiff) with Defendant N.C.#233 acting in collusion/conspiracy to defraud official court documents. — because obviously based upon information and belief — there never was any drugs found nor tested positive by Defendants whom acted in concert and collusion with another and swore out false allegations/information in the criminal complaint filed against Plaintiff.

Upon information and belief, a court-appointed lawyer, Mr. Patrick L. Bruno, informed Plaintiff, on March 6, 2012, that charges under Docket #16567C-2011 were being dismissed allegedly because drugs were not real- which was an abuse of the legal process due + violated Plaintiff's guaranteed/basic constitutional rights to adequate + equal due process/protection of the law, see Torres v. Supt. of Police, 893 F.2d 404/410 (1st Cir. 1990)

As and for a Third Cause of Action:

And Plaintiff was falsely accused, charged, arrested and seized by Defendants acting under color of state law; and Plaintiff was deprived of life, liberty and limb without adequate due process of law in violation of his 4th and 14th U.S. Const. Amendment(s).

And Plaintiff was wrongfully confined in Rikers island for about 3 months until his family/mother posted new bail(s) which plaintiff has not received back yet. Plus false charges and extraneous bails were consequently held against Plaintiff maliciously to affect or coerce plea bargains for over a year, creating undue duress/stress from abuse. (7)

| Was anyone else involved? |
| :-- |

| Who else saw what happened? |
| :-- |

**III.   Injuries:** malicious prosecution/abuse of process (see Heck v. Humphrey, 512 US 477, at 486 n.5, 114 S.Ct. 2372 n.5)

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Wrongful confinement; unreasonable seizures & bails

Plaintiff spent 3 months in jail until his family posted bail(s) of $1,500°° Plaintiff was Remanded on other bails that he was Released on (prior to incident) Therefore plaintiff lost 10% of newly posted bail money of $1,500°°; and 10% of money on $7,500°°, and 10% of bail money on $3,500°° for other pending cases, And plaintiff was also subsequently/consequently Remanded and given another bail of $5000°° - from another previously pending case, that plaintiff was Released on his own recognizances on, from since 2009; wherefore plaintiff's opportunities/options of entering into plea bargains-or go to trial and testify on his own behalf was nefariously compromised by the false, extraneous deceit fully attached drug offense(s) attached to plaintiff's name - causing duress and slander thru deceit.

**IV.   Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No ✗_____

*Rev. 01/2010*

V.

# BASIS FOR JURISDICTION

Under 28 U.S.C. §1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.

A. What is the basis for federal court jurisdiction?

☒ Federal Question

B. What federal Constitional, statutory or treaty right is at issue?

Under 28 USC §1331, plaintiff's civil rights violated by police officers and other law enforcement personnel acting under color of the law (State of New York, U.S.A.): malicious prosecution; false arrest; wrongful confinement, such as deprivations of life, liberty and limb without fair and equal due process (protections) of the law.

And plaintiff's rights to be free from unreasonable seizures in violation of the 4th, 14th U.S. Const. Amend(s). N.Y. Const. Art. I §5,6 And the statute of limitation should be tolled on wrongful confinement claim and for right to be free from unreasonable seizures because plaintiff remained held/seized on bail until March 6, 2012 (2nd Cir 2010)
(see Albright v Oliver, 114 S.Ct. 807, 815; cf. Burg v. Gosselin, 591 F.3d 95, 96

-9-

2.  If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____

_____

_____

_____

_____

_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

_____

_____

_____

_____

_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## VI.  Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). PURSUANT to claims in total; WRONGful confinement / false imprisonment; malicious prosecution, abuse of process; slanderment, mental anguish, grief and despair of family, mother and child. Undue duress and deceitful coercion to enter guilty pleas; and for violations of plaintiffs 4,014 USCA Right to be free from unreasonable seizures, NOR to be deprived of life liberty and limb without due process of Law — Plaintiff seeks $925,000 °° dollars in total (nine hundred twenty-five thousand) Plaintiff paid bail of $1,500 °° dollars was remanded on bail of $7,500 °° and another for $3,500 °° plus Plaintiffs bail was raised extra $5,000.00 Plaintiff spent approximately 90 days in jail until his family posted bails in distress and un belief / shock.

*In addition, plaintiff seeks relief because his(girlfriends)car was impounded and plaintiff can not/could not pay for tickets or bills he was responsible for under girlfriend's name and insurance(s).*

**VI.1.**   **Previous lawsuits:**

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   *See Exhibit B (Attached) Notice of Claim, dated May 29, 2012*

Yes ✗   No ___

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff *Kalonji Mahon*
Defendants *City of New York*

2.   Court (if federal court, name the district; if state court, name the county) *Supreme Court BRONX COUNTY*

3.   Docket or Index number *250434/14*

4.   Name of Judge assigned to your case *Mitchell J. DANZIGER*

5.   Approximate date of filing lawsuit *April 11, 2014*

6.   Is the case still pending? Yes ___   No ? *April 15th, 2014*
     If NO, give the approximate date of disposition ___

7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) *The case could not proceed because per Judge DANZIGER's Order: "I was required to pay an initial filing fee of $125.00 before my case proceeded". But, ostensibly, plaintiff is indigent and pro-se.*

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ___   No ✗

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
   _____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

*Rev. 01/2010*                    **-11-**

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 14th day of August , 20 15

Signature of Plaintiff _____

Inmate Number _____#1245136_____

Institution Address _Kalonji Mahon_

_Green Correctional Facility_

_P.O. Box 975_

_Coxsackie, N.Y. 12051-0975_

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 14th day of August , 20 15, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Repository Inquiry for NYSID No: 72380291 on 10/31/2012 04:08:13

    PL 220.06  Sub 01        Class D   Felony   NCIC 3599
— Tampering With Physical Evidence:Conceal/Destroy
    PL 215.40  Sub 02        Class E   Felony   NCIC 4804
— Attempted Criminal Possession Controlled Substance- 7th Degree   NCIC 3599
    PL 220.03       Class B   Misdemeanor

September 25, 2012
Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50

— Court: <u>Bronx County Supreme Court</u>  Case Number: 48335C-2011

September 01, 2011
Initial Report Of Docket Number
  -- Criminal Possession Controlled Substance- 7th Degree   NCIC 3599
    PL 220.03       Class A   Misdemeanor

  -- Resisting Arrest                NCIC 4801
    PL 205.30       Class A   Misdemeanor

  -- Attempted Assault-3rd Degree         NCIC 1399
    PL 120.00       Class B   Misdemeanor

  -- Harassment-2nd Degree: Physical Contact   NCIC 7099
    PL 240.26  Sub 01        Violation

September 24, 2012
Dismissed CPL160.50
  -- Criminal Possession Controlled Substance- 7th Degree   NCIC 3599
    PL 220.03       Class A   Misdemeanor

  -- Attempted Assault-3rd Degree
    PL 120.00   Class B  Misdemeanor  NCIC 1399

  -- Harassment-2nd Degree: Physical Contact
    PL 240.26  Sub 01      Violation   NCIC 7099

September 24, 2012
Dismissed
  -- Resisting Arrest
    PL 205.30  Class A  Misdemeanor  NCIC 4801

September 25, 2012
Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50

Interim release Status: Released on own recognizance (ROR)

⬇ **Cycle 19** 🏠

Arrest/Charge Information
Arrest Date: March 22, 2011 12:30 am (00:30:00)

    Fax Number          B16471
    Place of Arrest:       NYCPD 47
    Arrest Type:         Unknown
    Date of Crime:       March 22, 2011
    Place of Crime:      Bronx County, NY
    Criminal Justice
      Tracking No.:      64726713N
    Arresting Agency:    <u>NYCPD PCT 047</u>
    Arresting Officer ID:  920817
    Arrest Number:     B11624429
    Arrest Charges:
      -- Criminal Sale Controlled Substance-3rd:Narcotic Drug   NCIC 3599
      PL 220.39  Sub 01      Class B   Felony Degree 3

10/31/2012

Repository Inquiry for NYSID No: 7238029J on 10/31/2012 04:58 pm

--  Criminal Possession Controlled Substance- 7th Degree
    PL 220.03        Class A     Misdemeanor Degree 7        NCIC 3599

--  Resisting Arrest
    PL 205.30        Class A    Misdemeanor Degree 0   NCIC 4801

## Court Case Information
-- Court: <u>Bronx County Criminal Court</u>   Case Number: 2011BX016567

March 22, 2011
**Arraigned**
--  Criminal Possession Controlled Substance- 7th Degree
    PL 220.03        Counts: 2   Class A   Misdemeanor        NCIC 3599

--  Resisting Arrest
    PL 205.30        Counts: 2   Class A   Misdemeanor        NCIC 4801

March 22, 2011
**Initial Report Of Docket Number**

March 22, 2011
**Transferred**

March 22, 2011
**Transferred To Superior Court**
--  Criminal Possession Controlled Substance- 7th Degree
    PL 220.03        Class A     Misdemeanor        NCIC 3599

--  Resisting Arrest
    PL 205.30   Class A  Misdemeanor  NCIC 4801

March 22, 2011
**Not Arraigned**
--  Criminal Sale Controlled Substance-3rd:Narcotic Drug
    PL 220.39  Sub 01              Class B      Felony      NCIC 3599

March 06, 2012
**Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50**

-- Court: <u>Bronx County Supreme Court</u>   Case Number: 16567C-2011

March 23, 2011
**Initial Report Of Docket Number**
--  Criminal Possession Controlled Substance- 7th Degree
    PL 220.03        Class A     Misdemeanor        NCIC 3599

--  Resisting Arrest
    PL 205.30        Class A     Misdemeanor        NCIC 4801

March 05, 2012
**Dismissed**
--  Criminal Possession Controlled Substance- 7th Degree
    PL 220.03        Class A     Misdemeanor        NCIC 3599

--  Resisting Arrest
    PL 205.30   Class A  Misdemeanor  NCIC 4801

April 03, 2012
**Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50**

⬇ Cycle 18 ⬆



THE CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
CLAIMS AND ADJUDICATIONS
1 CENTRE STREET  ROOM 1200
NEW YORK, N.Y.  10007-2341

WWW.COMPTROLLER.NYC.GOV

Michael Aaronson
Chief, Bureau of Law and
Adjustment

015 - 151

**John C. Liu**
COMPTROLLER

Date:        01/09/2013
Claim No:  2013PI000704
RE:          Acknowledgment of Claim

KALONJI MAHON# 12A5136
GREAT MEADOWS CORR FAC P O BOX 51
COMSTOCK, NY 12821

Dear Claimant:

    We acknowledge receipt of your claim, which has been assigned the claim number shown above. Please refer to this claim number in any correspondence or inquiry you may have with our office.

    We will do our best to investigate and, if possible, settle your claim. However, if we are unable to resolve your claim, **any lawsuit against the City must be started within one year and ninety days from the date of the occurrence.**

    If you have any questions regarding your claim, you may contact us at either 212-669-8750 for property damage claims or 212-669-4445 for claims involving personal injury.

Sincerely,
Michael Aaronson



Exhibit B.

Kalongi Mahon
                    Claimant,

        -against-                              (NOTICE OF CLAIM)

THE CITY OF NEW YORK.
                    Defendant.

TO:  COMPTROLLER OFFICE
     OF THE CITY OF NEW YORK:

        PLEASE TRAKE NOTICE that the claimant herein hereby makes
this claim and demand against the City of New York as follows:

    [1]. The name and post-office address of the claimant is as
        follows:

            Mr. Kalongi Mahon
            B&C NO: 218-12-00305

            George R. Vierno Center

            09-09 Hazen Street

            East Elmhurst, New York 11370

    [2]. The nature of the claim is as follows:

false arrest/wrongful imprisonment/malicious prosecution

    [3]. The time when, the place where, and the manner in which
        the claim arose:   On March 22nd, 2011
defendant was arrested for alleged Crim. Poss. Cont. Sub. 7°
(docket # 2011BX016567) on Burke and Holland Ave., Bronx, N.Y.
In front of building on Holland Ave. off Burke.
                                                    10467

[1]

Defendant tried to talk to female body in passing who in turn turned out to be an undercover cop and defendant was jumped and arrested by plainclothes officers after and they planted fake drugs on m

[4]. The items of damage or injuries claimed are:

Defendant was punched in face down to ground. And since I was on bail, my bail was remanded and defendants mother had to post. New more bail for all cases included this one claim arose from Defendants mother screamed at him and panicked causing me to suffer from ongoing mental anxiety and depression issues. The claim and demand is hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the foregoing in default of the City of New York to pay to, the claimant his claim within the time limited for compliance with this demand by the City of New York by the applicable statutes, claimant intends to commence an action against the City of New York to recover his damages with interest and costs.

Dated:   East Elmhurst, New York

May 29, 2012, 2012

Respectfully Yours,

_____
Claimant    pro-se

(AFFIDAVIT OF SERVICE)

STATE OF NEW YORK )
COUNTY OF BRONX   ) ss:

I, _Kalongi Mahon_____, being duly sworn,

deposes and says:

That I am the Claimant in the above-entitled action and

that I have on this 29 day of _May_ 2012, served by Certified

Mail Return Receipt Requested, a true copy of the within Notice

of Claim against the City of New York, upon the Comptroller of the

City of New York, at the below address:

> Office of the Comptroller
> Of The City Of New York
> 1 Centre Street, Room 530
> New York, New York 10007

Respectfully Submitted,

Claimant          pro-se

Sworn to before me this

29 day of MAY ,2012

NOTARY PUBLIC

KISHA MURDAUGH
COMMISSIONER OF DEEDS
No. 3-7429
Qualified in Kings County
Commission Expires November 1 2013

[3]

Kalonji Mahon, 12-A3156
Green Correctional Facility
Box 975
Coxsackie, NY 12051

August 14, 2015

Pro-Se Intake Unit
U.S.D.C./S.A.N.Y.
500 Pearl Street, Room 200
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE

2015 AUG 24 P 3: 28

<u>Re</u>: Ammended Complaint - Kalonji Mahon v. Burim Namani, et al., 13 CIV 2032 (CM) (GWG)

Dear Clerk:

In memo endorsed/electronically filed on 7/27/15 (Document 24 or so) by Colleen McMahon: Plaintiff must file an ammended complaint forthwith, naming all defendants

Attached herein is Ammended Complaint, naming all defendants with supporting exhibits

Please electronically file to Defendants counsel, Asst. Corp. Counsel City of New York, ...

Your attention to this matter will be greatly appreciated.

Please deliver to Judge McMahon accordingly

Sincerely,
Kal M

cc: file

(AFFIDAVIT OF SERVICE)

STATE OF NEW YORK)
COUNTY OF BRONX  ) ss:

I, _Kalongi Mahon_____, being duly sworn, deposes and says:

That I am the Claimant in the above-entitled action and that I have on this _29_ day of _May_ 201_2_, served by Certified Mail Return Receipt Requested, a true copy of the within Notice of Claim against the City of New York, upon the Comptroller of the City of New York, at the below address:

Office of the Comptroller
Of The City Of New York
1 Centre Street, Room 530
New York, New York 10007

Respectfully Submitted,

_____
Claimant        pro-se

Sworn to before me this
_29_ day of _MAY_, 201_2_
_____
NOTARY PUBLIC

KISHA MURDAUGH
COMMISSIONER OF DEEDS
No. 3-7429
Qualified in Kings County
Commission Expires November 1 2013

[3]

LEGAL MAIL

**GREENE CORRECTIONAL FACILITY**
P.O. BOX 975
COXSACKIE, NEW YORK 12051-0975

NAME: Kalonji Mahon

RECEIVED
SDNY PRO SE OFFICE

2015 AUG 24 P 3: 20

DIN: 12-A-0206

USMP3 NYC

NEW YORK STATE

Pro-Se Intake, clerk
United States Court house
U.S. D.C. /Southern Dist
500 Pearl Street, Rm. 200
New York, NY 10007